GORDON SILVER
GERALD M. GORDON, ESQ.
Nevada Bar No. 229
E-mail: ggordon@gordonsilver.com
BRIGID M. HIGGINS, ESQ.
Nevada Bar No. 5990
E-mail: bhiggins@gordonsilver.com
CANDACE C. CLARK, ESQ.
Nevada Bar No. 11539
E-mail: cclark@gordonsilver.com
3960 Howard Hughes Pkwy., 9th Floor
Las Vegas, Nevada 89169
Telephone (702) 796-5555
Facsimile (702) 369-2666
Proposed Attorneys for Debtors

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>155 EAST TROPICANA, LLC,<br>a Nevada limited liability company,<br><br>Debtors. | Case No.: 11-22216-BAM<br>Chapter 11<br><br>JOINTLY ADMINISTERED |
| In re<br><br>155 EAST TROPICANA FINANCE CORP.,<br>a Nevada corporation,<br><br>Debtors. | Case No.: 11-22217-BAM<br>Chapter 11<br><br>Date:  OST Pending<br>Time:  OST Pending |

DECLARATION OF ANGELA FERRANTE IN SUPPORT OF APPLICATION
FOR ORDER AUTHORIZING THE EMPLOYMENT OF
THE GARDEN CITY GROUP, INC. AS CLAIMS AND NOTICING AGENT

I, Angela Ferrante, hereby declare as follows:

1. I am over the age of 18 and am authorized to make this Declaration. I have personal knowledge of the facts in this matter and, if called upon to testify, could and would do so. I make this Declaration in support of the Application for Order Authorizing the Employment of The Garden City Group, Inc. as Claims and Noticing Agent (the "Application").[1]

---

[1] Terms not otherwise defined herein are defined as set forth in the Omnibus Declaration of Deborah J. Pierce in Support of the Debtors' First Day Motions (the "Omnibus Declaration") or the Application, both filed concurrently

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101535-001/Revised Ferrante Retention Declaration (Clean) 8 1 11.doc

2. On July 18, 2011, the Debtors and GCG entered into a Bankruptcy Administration Agreement (such agreement together with all amendments, modifications, renewals thereof and all documents ancillary thereto or otherwise entered into in connection therewith, are collectively referred to herein as the "Engagement Agreement"), a true and correct copy of which is attached hereto as **Exhibit "1."**

> Consistent with the Guidelines, and subject to Court approval, GCG agrees to provide the Debtors with noticing and claims processing services in relation to the Chapter 11 Cases. Specifically, as noticing, claims and balloting agent in these Chapter 11 Cases, GCG proposes to provide certain services including: (a) Noticing. Prepare and serve all required notices in these Chapter 11 Cases, including: (i) a notice of the commencement of these Chapter 11 Cases and the initial meeting of creditors under section 341(a) of the Bankruptcy Code; (ii) notice of any claims bar date; (iii) applications, motions and other requests for relief and related documents; (iv) objections, responses and replies with respect to requests for relief; (v) hearing agendas; (vi) objections to claims; (vii) any disclosure statements, chapter 11 plans and all documents related thereto; and (viii) all notices of the filing of the documents listed above, hearings and such other miscellaneous notices as the Debtors or the Court may deem necessary or appropriate for orderly administration of these Chapter 11 Cases.
>
> (b) Claims Administration. Administration of claims, and maintenance of claims registers on behalf of the Debtors, including: (i) maintaining an official claims register in the Debtors' Chapter 11 Cases by docketing all proofs of claim and proofs of interest in a database, as well as on the Bankruptcy Court's Case Management/Electronic Case Filing System ("CM/ECF"); (ii) maintaining copies of all proofs of claim and proofs of interest filed in these Chapter 11 Cases; (iii) updating the official claims registers in accordance with Court orders; (iv) implementing necessary security measures to ensure the completeness and integrity of the claims registers; (v) transmitting a copy of the claims registers to the Office of the Clerk of the United States Bankruptcy Court for the District of Nevada (the "Clerk's Office"), as requested; (vi) providing public access for examination of copies of the proofs of claim and proofs of interest filed in these Chapter 11 Cases; and (vii) recording all transfers of claims pursuant to Rule 3001(e) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and, if directed to do so by the Court, provide notice of such transfers as required by Bankruptcy Rule 3001(e).

―――――――――― (continued) herewith.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101535-001/Revised Ferrante Retention Declaration (Clean) 8 1 11.doc

2

(c) <u>Balloting Services</u>. Acting as balloting agent, which may include some or all of the following services: (i) printing ballots and coordinating the mailing of solicitation packages (*i.e.*, ballots, disclosure statement and chapter 11 plan or plans) to all voting and non-voting parties and providing a certificate or affidavit of service with respect thereto; (ii) receiving and responding to inquiries relating to voting from voting creditors or otherwise with respect to any chapter 11 plan; (iii) receiving ballots at a post office box, inspecting ballots for conformity to voting procedures, consecutively date-stamping and numbering ballots, and tabulating and certifying the results; and (iv) preparing voting reports and amount by plan class, creditor or shareholder for review and approval by the Debtors and their counsel.

(d) <u>Additional Services</u>. (i) Maintaining a telephone staff to handle inquiries relating to procedures for filing proofs of claim, voting, and general case information; (ii) establishing a case specific website for posting of the official claims register; and (iii) assisting the Debtors and their professionals with (a) the preparation and maintenance of the list of all creditors and those entities filing a request for notice and (b) the formatting and filing of the Debtors' statements of financial affairs and schedules of assets and liabilities.

3. The scope of GCG's services may be expanded from time to time, provided that GCG and the Debtors mutually agree in writing to any such expansion and any corresponding increase in fees.

4. Subject to this Court's approval of the Application, GCG is willing to serve as the Debtors' claims and noticing agent and to perform the services described above. GCG will use reasonable efforts to coordinate with the Debtors' other retained professionals to avoid unnecessary duplication of services.

5. GCG is one of the country's leading chapter 11 administrators with expertise in noticing, claims processing, balloting administration and distribution. GCG is well qualified to provide the Debtors with experienced noticing, claims and balloting services in connection with these Chapter 11 Cases. GCG has developed efficient and cost-effective methods to handle properly the voluminous mailings associated with the noticing, claims processing and balloting portions of chapter 11 cases to ensure the orderly and fair treatment of creditors, equity security holders and all parties in interest. Furthermore, GCG will work with the Clerk's Office to ensure that such methodology conforms with all of the Court's procedures, the Local Rules and the provisions of any orders entered by this Court.

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101535-001/Revised Ferrante Retention Declaration (Clean) 8 1 11.doc

3

6. GCG has substantial experience in matters of this size and complexity, and has acted as the official claims and noticing agent in large bankruptcy cases pending in this jurisdiction and throughout the nation. In the District of Nevada, GCG is serving as the claims, noticing, and/or balloting agent in the following cases: In re Riviera Holdings Corp., et al., case no. 10-22910 (LBR) (Bankr. D. Nev. July 12, 2010) and In re Las Vegas Monorail Company, case no 10-10464 (BAM) (Bankr. D. Nev. Jan. 13, 2010). Other chapter 11 cases in which GCG is or was retained as noticing, claims and/or balloting agent to debtors in other jursidictions include, but are not limited to: In re Borders Group, Inc., et al, case no. 11-10614 (MG) (Bankr. S.D.N.Y. Feb. 16, 2011); In re TerreStar Networks Inc., et al., case no. 10-15446 (SHL) (Bankr. S.D.N.Y. Oct. 19, 2010); In re Motors Liquidation Company, et al., case no. 09-50026 (REG) (Bankr. S.D.N.Y. June 1, 2009); ; In re Harry & David Holdings, Inc., et al., case no. 11-10884 (MFW) (Bankr. D. Del. March, 28 2011); In re Orleans Homebuilders, Inc., et al., case no. 10-10684 (PJW) (Bankr. D. Del. Mar. 1, 2010); ; In re Philadelphia Newspapers, LLC, et al., case no. 09-11204 (JKF) (Bankr. E.D. Pa. Feb. 22, 2009); In re United Gilsonite Laboratories, a Pennsylvania Corporation, case no. 11-02032 (RNO) (Bankr. M.D. Pa. Mar. 23, 2011); In re GunnAllen Financial, Inc., case no. 10-bk-9635-MGW (Bankr. M.D. Fla. April 26, 2010); In re Commercial Mortgage & Finance Co., case no. 08-73242 (MB) (Bankr. N.D. Ill Oct. 8, 2008); In re Wick Building Systems, Inc., case no. 09-17978-11 (RDM) (Bankr. W.D. Wis. Nov. 23, 2009); In re TCI 2 Holdings, LLC (Trump Entertainment Resorts, Inc.), et al., case no. 09-13654 (JHW) (Bankr. D.N.J. Feb. 17, 2009); In re Oscient Pharmaceuticals Corporation, et al., case no. 09-16576 (HJB) (Bankr. D. Ma. July 13, 2009); In re O'Sullivan Industries, Inc., et al., case no. 05-83049 (CRM) (Bankr. N.D. Ga. Oct. 14, 2005); In re United Producers, Inc., et al., case no. 05-55272 (CMC) (Bankr. S.D. Ohio Apr. 1, 2005); In re Schwab Industries, Inc. et al., case no. 10-60702 (RK) (Bankr. N.D. Ohio Feb. 28, 2010); In re Gemcraft Homes, Inc., et al., case no. 09-31696 (NVA) (Bankr. D. Md. Nov. 9, 2009); In re Bear Island Paper Company, L.L.C., case no. 10 31202 (DOT) (Bankr. E.D. Va. Feb. 24, 2010); In re JB Booksellers, Inc., et al., case no. 10-53593 (TNW) (Bankr. E.D. Ky. Nov. 11, 2010); In re The Oceanaire Texas Restaurant Company, L.P., et al., case no. 09-34262 (BJH) (Bankr. N.D. Tex. July 5, 2009); In re Crescent Resources LLC, et al.,

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

4

101535-001/Revised Ferrante Retention Declaration (Clean) 8 1 11.doc

1  case no. 09-11507 (CAG) (Bankr. W.D. Tex. June 10, 2009); <u>In re Express Energy Services Operating, LP, et al.</u>, case no. 09-38044 (JB) (Bankr. S.D. Tex. Oct. 27, 2009); <u>In re Mercury Companies, Inc., et al.</u>, case no. 08-23125 (MER) (Bankr. D. Colo. Aug. 28, 2008); <u>In re Hawaiian Airlines, Inc.</u>, case no. 03-00817 (RJF) (Bankr. D. Haw. Mar. 21, 2003). Accordingly, GCG is qualified and competent to serve as claims and noticing agent in these Chapter 11 Cases.

7. Although the Debtors do not propose to retain GCG under Section 327 of the Bankruptcy Code, to the best of my knowledge, information, and belief, GCG and its professionals do not hold or represent any interest materially adverse to the Debtors' estates nor have a prior or present connection to the Debtors, their creditors, or their related parties and, as such, GCG and its professionals are disinterested within the meaning of Section 101(14) of the Bankruptcy Code.

8. Specifically, GCG: (a) is a "disinterested person" as that term is used in Bankruptcy Code Section 327 and defined in Section 101(14), except that GCG was employed by the Debtors prior to the Petition Date as allowed by Section 1107(b) of the Bankruptcy Code; and (b) does not hold or represent an interest materially adverse to these Chapter 11 estates and does not have any connection either with the Debtors, their creditors, or any other party in interest in these cases or with their respective attorneys or accountants, or with the Office of the United States Trustee or any person employed in the Office of the United States Trustee.

9. The following supplemental disclosures are made with respect to GCG's disinterestedness. References to GCG include all employees who are expected to render services in these cases.

    a. GCG is not and was not a creditor, an equity security holder, or an insider of the Debtors;

    b. GCG is not and was not, within two years before the Petition Date, a director, officer, or employee of the Debtors; and

    c. Pursuant to the Ferrante Declaration, GCG has no interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, either by reason of any direct

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101535-001/Revised Ferrante Retention Declaration (Clean) 8 1 11.doc

5

or indirect relationship to, connection with, or interest in the Debtors or for any other reason.

10. In connection with its retention as claims and noticing agent, GCG represents, among other things, that: (a) GCG will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in these Chapter 11 Cases; (b) by accepting employment in these Chapter 11 Cases, GCG waives any rights to receive compensation from the United States government; (c) in its capacity as the claims and noticing agent in these Chapter 11 Cases, GCG will not be an agent of the United States and will not act on behalf of the United States; and (d) GCG will not employ any past or present employees of the Debtors in connection with its work as the claims and noticing agent in these Chapter 11 Cases.

11. To the extent the Debtors and/or GCG discover during the period of GCG's employment any facts bearing upon the matters described herein, the Debtors and/or GCG promptly will inform the Court.

12. Finally, GCG does not hold or represent any interest that would impair GCG's ability to objectively perform the services contemplated herein.

I declare under penalty of perjury of the laws of the United States that these facts are true to the best of my knowledge and belief.

DATED this 1st day of August, 2011.

ANGELA FERRANTE

Gordon Silver
Attorneys At Law
Ninth Floor
3960 Howard Hughes Pkwy
Las Vegas, Nevada 89169
(702) 796-5555

101535-001/Revised Ferrante Retention Declaration (Clean) 8 1 11.doc

6